J-S47027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH DYSON | |
| Appellant | No. 3124 EDA 2016 |

Appeal from the PCRA Order September 14, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005936-1992

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:             **FILED DECEMBER 01, 2017**

Joseph Dyson appeals from the September 14, 2016 order entered in the Bucks County Court of Common Pleas denying his third petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

The PCRA court set forth the lengthy factual and procedural history of this case in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, which we adopt and incorporate herein.  **See** Opinion, 11/30/16, at 1-5 ("1925(a) Op.").

On appeal, Dyson raises the following issues:

1. Where **Miller** [**v. Alabama**, 132 S.Ct. 2455 (2012),] and **Montgomery** [**v. Louisiana**, 136 S.Ct. 718 (2016),] instruct that sentencing a youth to a mandatory sentence of life without possibility of parole, without considering the factor of age and its attendant effects, constitutes a denial

of the Eighth Amendment cruel and unusual punishment charge, did the lower [c]ourt err in not granting [Dyson] the right to be resentenced as the documentary evidence reflects that he was like those who were 56 days younger than he was?

2. Where it was clear that [Dyson] is similarly situated to those who were 56 days younger than he was, did the lower [c]ourt's failure to extend the **Miller**/**Montgomery** holding to him violate the equal protection clause?

3. Where [Dyson] is similarly situated to those 56 days younger than he was, did the [lower court's] failure to permit resentencing deny substantive and procedural due process, and access to the Courts?

4. Where the Court did not grant resentencing, were the PCRA statute, habeas corpus statute[,] and 18 Pa.C.S. §1102 unconstitutional as applied to [Dyson]?

Dyson's Br. at 2-3 (trial court answers omitted).

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Melendez-Negron**, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." **Id.**

We must first address the timeliness of Dyson's PCRA petition. **See Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). In the absence of an applicable exception, a petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This Court affirmed Dyson's judgment of sentence on

October 30, 2001, and the Pennsylvania Supreme Court denied allowance of appeal on June 12, 2002. Dyson did not seek further review in the United States Supreme Court, so his judgment of sentence became final 90 days later, on September 10, 2002. Dyson had one year from that date, or until September 10, 2003, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on March 22, 2016, was facially untimely.

To overcome the time bar, Dyson was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Dyson must have filed his petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).

In his petition, Dyson alleged the new-constitutional-right exception to the one-year time bar. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii). Dyson relied on ***Miller***, in which the United States Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed on defendants who were "under the age of 18 at the time of their crimes." 132 S.Ct. at 2460. Subsequently, in ***Montgomery***, the Supreme

Court held that **Miller** applied retroactively to cases on state collateral review. 136 S.Ct. at 736.[1]

Here, Dyson was 18 years old at the time he committed the offenses for which he was convicted.[2] This Court has held that **Miller**'s prohibition of life-without-parole sentences does not apply to defendants who were 18 years of age or older at the time of their offenses. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (where appellants were 19 and 21 at time of their offenses, "the holding in **Miller** [did] not create a newly-recognized constitutional right that can serve as the basis for relief"); **accord Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016) (reaffirming **Cintora**'s holding that petitioners who were 18 or older "at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). Therefore, because Dyson was 18 years old at the time of his offenses, **Miller** does not apply.

In his brief, Dyson contends that even though he was 18 at the time of his crimes, **Miller**'s holding should apply to him because "despite his age of

_____

[1] In his petition, Dyson also attempted to assert the newly-discovered-fact exception to the one-year time bar, **see** 42 Pa.C.S. § 9545(b)(1)(ii), arguing that he filed his petition within 60 days of the **Montgomery** decision. It is well settled, however, that a judicial decision is not a "new fact" that qualifies as an exception under the PCRA. **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011).

[2] Dyson was born on August 21, 1974 and committed the offenses on October 16, 1992. At the time of the offenses, he was 18 years and 56 days old.

18 years and [56] days, he is just as deserving as those under age 18 to be granted resentencing." Dyson's Br. at 15. However, we rejected a similar argument in *Cintora*. In *Cintora*, the appellants had argued that *Miller* should apply to defendants who were under the age of 25 at the time of their offenses "because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25." 69 A.3d at 764. We stated that the "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

Finally, Dyson asserts that even if his PCRA petition is time-barred, he is entitled to *habeas corpus* relief. The PCRA court correctly concluded that Dyson's "claim falls squarely within the parameters of the PCRA, and . . . he is not entitled to seek *habeas* relief outside the PCRA." 1925(a) Op. at 8. We agree with and adopt the PCRA court's cogent reasoning. *See id.* at 7-8.

Accordingly, because Dyson failed to plead and prove an exception to the one-year time bar, the PCRA court properly denied his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| COMMONWEALTH OF PENNSYLVANIA         | : |                              |
|                                      | : | NO. CP-09-CR-0005936-1992    |
| vs.                                  | : |                              |
|                                      | : |                              |
| JOSEPH DYSON                         | : |                              |

### OPINION

Joseph Dyson (hereinafter "Appellant") appeals this Court's September 15, 2016, Order

denying relief under the Post Conviction Relief Act (hereinafter "PCRA"). We file this Opinion

pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 22, 1992, Appellant was charged with Murder of the First Degree,[1] Robbery,[2]

Possessing an Instrument of Crime,[3] Possessing a Firearm,[4] and Carrying a Firearm without a

License.[5] The facts underlying this case were set forth at length by this Court in a Memorandum

Opinion and Order dated May 27, 1993, which we now excerpt as follows:

> On Saturday, October 17, 1992, the body of Thomas James Ellis, Jr. was
> found in an isolated wooded area along the River Road adjacent to the Delaware
> River in Upper Makefield Township, Bucks County. He died as a result of two
> gunshot wounds. One shot was fired at close range and entered his right cheek
> lodging in the base of his skull. The second bullet entered the back right side of his
> neck travelling in a sharply upward angle and lodged at the top of his skull. There
> was evidence of multiple impacts to the victim's face at or around the time of death.
> The victim's 1986 Ford Ranger vehicle was found abandoned in Trenton, New
> Jersey four days later. Large amounts of blood were found in the front driver and

---

[1] 18 Pa.C.S. § 2502(a).
[2] 18 Pa.C.S. § 3701(a)(1)(i).
[3] 18 Pa.C.S. § 907(a).
[4] 18 Pa.C.S. § 907(b).
[5] 18 Pa.C.S. § 6106(a).

1

passenger areas of that vehicle and there were also two .25 caliber automatic bullet casings found.

The victim was last seen on Friday night, October 16, 1992, leaving his Morrisville residence at approximately 9:08 p.m. after receiving a telephone call. He left his residence with a pound of marijuana intending to deliver that to the defendant. As he left, he stated that he intended to meet Dyson at the McDonald's on Route 13.

The defendant was first interviewed by the police on October 18, 1992. Initially, he denied meeting Ellis on Friday night. Later, he stated that he had met Ellis to purchase marijuana and that he had done so at the request of an individual named "Bugsy." Dyson stated that Ellis arrived at the McDonald's with an unknown man, sold him the marijuana and left with that same person. Dyson denied any ability to identify or locate "Bugsy."

Three days later, Louis Sessa, III, a friend of Dyson, was interviewed, identified himself as "Bugsy" and related an account of the events of Friday night similar to that given by Dyson, differing, however, in some details.

Dyson was again interviewed by the police on October 21, 1992. Initially, he gave several inconsistent accounts of the murder of Ellis. Ultimately, he admitted that on Friday night he and Sessa decided to steal the marijuana from Ellis. He stated that he brought his .25 caliber pistol, called Ellis from a telephone booth and induced him to meet at the McDonald's. Sessa drove himself and Dyson to the McDonald's in Sessa's Pontiac automobile. They arrived before Ellis. When Ellis arrived, according to the statement given by Dyson, Dyson instructed Ellis to pull around the corner to a darker location, ostensibly for the purpose of making a drug transaction. Dyson stated that he got out of Sessa's car with the gun in his pocket and entered the passenger side of Ellis's truck. After getting the pound of marijuana from Ellis and arguing about "something," he shot Ellis in the face. He described watching Ellis's body convulse and his leg until it stopped twitching. He denied firing the second shot in the back of the head. He stated that he dropped the gun in the truck and returned to Sessa's car as Sessa got into the driver's seat of Ellis's truck. Dyson stated that Sessa drove the truck to Upper Makefield Township and that he followed in the Pontiac. Once there, according to Dyson, Sessa dragged the body out of the truck and into the woods where it was ultimately found. They then drove the truck to Trenton where they abandoned it. By Dyson's statement, the two then drove back to Bucks County, and on the way back, Sessa threw the keys out

2

of the window into the Delaware River. The two of them then divided the marijuana.

During the execution of a search warrant on Dyson's residence on October 28, 1992, marijuana was found in Dyson's bedroom. On that same date, the murder weapon was recovered at Dyson's place of employment where it had been concealed. The police were led to that location as a result of a letter written by Dyson to his brother. In that letter, Dyson asked his brother to ask a specified person to testify to certain facts, and further, to proceed to the place where the gun was hidden in order to retrieve an unidentified item and to dispose of it. The .25 caliber pistol which the police recovered from that hiding place had been given to Dyson during the summer of 1992. A firearms expert from the Pennsylvania State Police examined the pistol and concluded that the bullets removed from the victim, and the casings recovered from the victim's truck, were fired from that pistol.

The offenses underling his conviction were committed on October 16, 1992. Appellant's date of birth is August 21, 1974. Therefore, Appellant was eighteen (18) years of age at the time the offenses were committed.

As detailed in our Notice of Intent to Dismiss Pursuant to Pennsylvania Rule of Criminal Procedure 907, filed June 14, 2016, the relevant procedural history is as follows:

On March 10, 1993, [Appellant] entered an open guilty plea to the above charges. Following a degree-of-guilt hearing, the Court found [Appellant] guilty of first-degree murder. On June 24, 1993, [Appellant] was sentenced to a mandatory period of life imprisonment on the first- degree murder charge, with a concurrent term of imprisonment of ten (10) to twenty (20) years on the remaining charges. [Appellant] did not file a direct appeal to the Superior Court.

[Appellant] filed a PCRA Petition on July 6, 1994. After several ancillary issues were resolved, this Court denied the Petition. [Appellant] appealed and the Superior Court affirmed in all aspects except with respect to his claim that prior counsel was ineffective for not filing a direct appeal. The Superior Court remanded to this Court to conduct an evidentiary hearing on that issue alone.

On April 16, 2001, this Court determined that [Appellant] was entitled to relief and, by order dated April 20, 2001, reinstated [Appellant's] rights to direct appeal *nunc pro tunc*.

On May 1, 2001, [Appellant] filed a Notice of Appeal from the judgment of sentence imposed in 1993 following his guilty plea. On October 30, 2001, the

3

Superior Court affirmed the judgment of sentence of this Court. [Appellant] filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied.

On August 19, 2003, [Appellant] filed a *pro se* petition for writ of *habeas corpus* with this Court. This Court treated the writ of *habeas corpus* as [Appellant's] second PCRA petition, which was then dismissed without a hearing as untimely. [Appellant] appealed to the Superior Court. On August 25, 2004, the Superior Court issued a non-precedential decision remanding the matter back to this Court to decide the merits of the writ of *habeas corpus*, as the Superior Court found the filing of the writ of *habeas corpus* to be [Appellant's] first PCRA petition. This Court held a hearing on February 25, 2005, and denied the petition on September 7, 2005. [Appellant] filed a Notice of Appeal to the Superior Court on October 3, 2005. On August 16, 2007, the Superior Court affirmed this Court's decision.

[Appellant] then filed what was considered a second PCRA Petition on August 24, 2012, and an Amended Petition on August 19, 2013. On January 3, 2014, [Appellant] filed an "Amended Petition for Habeas Corpus Relief." On January 16, 2014, this Court sent Defendant a Notice of Intent to Dismiss without Hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. [Appellant] filed a response on February 7, 2014. On February 12, 2014, this Court dismissed the Petitions as the issues raised were time barred and this Court lacked jurisdiction.

On March 13, 2014, [Appellant] filed a timely Notice of Appeal to the Superior Court. On November 14, 2014, the Superior Court issued a non-precedential decision affirming this Court's February 12, 2014, Order dismissing [Appellant's] PCRA Petition. On March 30, 2015, the Pennsylvania Supreme Court denied [Appellant's] Petition for Allowance of Appeal.

On March 22, 2016, Appellant filed the instant PCRA petition. On June 20, 2016, this Court entered an Order notifying Appellant of our intent to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 16, 2016, Appellant filed objections to this Court's Rule 907 notice.[6] On September 14, 2016, this Court entered an

---

[6] Appellant's counsel was retained after issuance of our 907 Notice of Intent to Dismiss. Therefore, on June 29, 2016, this Court granted counsel for Appellant's request for an extension of time to file objections to this Court's 907 notice, thereby rendering the objections due on or before July 19, 2016. On July 15, 2016, Appellant again requested, and this Court granted, an extension of time to file objections to the 907 notice, thereby rendering the objections due on or before August 6, 2016. Finally, on August 4, 2016, this Court granted Appellant's third request for an extension of time to file objections to the 907 notice, thereby rending the objections due on or before August 15, 2016.

4

Order denying Appellant's Motion for Post Conviction Relief. Appellant filed a timely Notice of Appeal to the Superior Court on October 4, 2016.

## II. STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On October 5, 2016, this Court issued an Order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days. On October 24, 2016, Appellant filed his Concise Statement raising the following issues, verbatim:

1. Petitioner's sentence is unconstitutional because age was never considered by the legislature in determining whether a mandatory life sentence should be given for all those in excess of 18 years of age. Thus, the mandatory life sentence violates both the Eighth and Fourteenth Amendments as the life sentence imposed in this case was cruel and unusual under *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 577 U.S. —, 136 S.Ct. 718 (Jan. 25, 2016), especially since Mr. Dyson was a mere 18 years and 55 days old when he committed this crime. This ground provided a basis for either PCRA or habeas corpus relief.

2. Petitioner's sentence is unconstitutional because Pennsylvania law permits imposition of mandatory life without parole sentences on 18 year olds, even for those who are merely one day over that bright line, when such a sentence is now prohibited for 17 years old with whom he is similarly situated. *See, Miller* and *Montgomery*. Based on the scientific evidence and those cases, an automatic sentence of life without the possibility of parole for Mr. Dyson lacks a rational basis and therefore violates his equal protection rights under the U.S. and Pennsylvania constitutions. Alternatively, imposition of this sentence violates the strict scrutiny test because the restriction of liberty is a fundamental right. These grounds also provided a basis for either PCRA or habeas relief.

3. Petitioner was denied substantive and procedural due process under the Fifth and Fourteenth Amendments, and corresponding Pennsylvania Constitutional provisions, since he was unable to present the factors of age, extreme childhood abuse and other mitigating factors to attempt to lessen his sentence of life without parole. Accordingly, the PCRA Petition should have been granted to permit him to do so.

4. Petitioner's sentence was also unconstitutional as applied for the reasons set forth above, which are hereby incorporated by reference. At the very least, Petitioner should have been permitted the opportunity to demonstrate in a hearing that there is a rebuttable presumption under the principles of *Miller* and *Montgomery* and cases cited therein that he should not have been sentenced to a period of mandatory life without parole based on all the factors stated above.

5

5. Petitioner's sentence was unconstitutional under Article 1, Sections 1, 9, 13 and 26 of the Pennsylvania Constitution for the reasons set forth above in the corresponding federal constitutional violations, which are hereby incorporated by reference. This ground also provided a basis for relief.

6. Pursuant to 42 Pa.C.S. §9545(b)(1)(iii), Petitioner is entitled to have his sentence vacated as *Miller* and *Montgomery* created a new constitutional right that has been applied retroactively and should be applied to Mr. Dyson as well because he is similarly situated to those under age 18. This ground should have also provided for PCRA and/or habeas relief.

7. Alternatively, if Petitioner is ineligible to obtain relief under the Post-conviction Relief Act, 42 Pa.C.S. §9541 et seq. and more particularly under §9545(b)(1)(iii), he is entitled to relief under the Pennsylvania and United States habeas corpus statutes for the various reasons stated above. Under *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 640 (1998), habeas relief exists where there is no remedy under the PCRA. *See also*, Article 1, Section 14 of the Pennsylvania Constitution. Accordingly, it is respectfully submitted if relief cannot be had under the PCRA, then the Court should have granted him a hearing and/or relief under habeas corpus.

8. If Petitioner is not entitled to utilize either PCRA or habeas corpus remedies where there appear to be violations of equal protection, substantive and procedural due process, and/or the cruel and unusual punishment clause of the Eighth Amendment as stated above, then the PCRA and/or habeas corpus procedural and substantive remedies under both the Pennsylvania statutes and constitution are unconstitutional as applied to him. Petitioner was accordingly, entitled to a hearing to determine whether the protections of *Miller* should be extended to him.

9. Petitioner was denied both the substantive and procedural due process rights to have access to, and prosecute, his claims in the Pennsylvania courts.

### III. DISCUSSION

In his objections to our Rule of Criminal Procedure 907 Notice of Intent to Dismiss, Appellant argues he is entitled to relief under the PCRA as a result of the United States Supreme Court's decisions in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Appellant also argues that if his claim is time barred under the PCRA, he is entitled to relief outside the PCRA under a writ of *habeas corpus*. For the reasons discussed below, we find Appellant is not entitled to relief outside the PCRA, and that because his PCRA Petition is untimely, this Court lacks jurisdiction to reach his claims on the merit.

6

### a. *Habeas* Relief Outside the PCRA

Appellant contends he is entitled to *habeas* relief outside the PCRA. Appellant argues that if he is not entitled to relief under the PCRA due to timeliness, he has no grounds for relief under the PCRA and is therefore entitled to a hearing to address his claims on the merits under a writ of *habeas corpus*. We disagree.

The Pennsylvania Supreme Court has held the PCRA "subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." *Commonwealth v. Hackett*, 956 A.2d 978, 985 (Pa. 2008); *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. Ct. 2013) (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223-24). By its own text, it is well-settled that the PCRA is intended to be the sole means for collaterally attacking a conviction or sentence:

\*\*\*

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

\*\*\*

42 Pa.C.S. § 9542; *see Taylor*, 65 A.3d at 465. It is significant to note the *habeas corpus* statute provides, "where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa.C.S. § 6503(b).

The PCRA allows numerous grounds for collateral relief, including where the conviction or sentence resulted from the imposition of a sentence greater than the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii). Therefore, claims challenging the legality of a sentence are cognizable under the PCRA. *See Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. Ct. 2013) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the

7

PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (same).

Appellant's petition challenges his sentence pursuant to *Miller*. Appellant argues his life sentence without the possibility of parole violates his right to be free from cruel and unusual punishment. It is well-established that a claim, such as that under *Miller*, constitutes a challenge to the legality of the sentence. *See Commonwealth v. Brown*, 71 A.3d 1009, 1010 (Pa. Super. Ct. 2013) (citations omitted); *Commonwealth v. Howard*, 540 A.2d 960, 961 (Pa. Super. Ct. 1988). Therefore, Appellant's claim falls squarely within the parameters of the PCRA, and we find he is not entitled to seek *habeas* relief outside the PCRA.

### b. Timeliness of PCRA Petition

Having first determined Appellant's claims fall squarely within the PCRA, we note the instant Petition is untimely and Appellant has failed to plead and prove any of the timeliness exceptions. Therefore, we consider only the narrow issue of this Court's lack of jurisdiction to adjudicate the merits of Appellant's claims. Pennsylvania law makes clear that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003) (citations omitted); *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(3).

In the instant matter, Appellant was sentenced on June 24, 1993, and the Superior Court affirmed the judgment of sentence on October 30, 2001. The Pennsylvania Supreme Court denied *allocator* on June 12, 2002. Therefore, Appellant's judgment of sentence became final on September 10, 2002, when the period for Appellant to file a petition for writ of *certiorari* in the

8

United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Therefore, Appellant had until September 10, 2003, to timely file his PCRA petition. As the instant petition was filed March 22, 2016, it is patently untimely.

However, an untimely petition may be received by this Court when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition applies. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Therefore, to reach the merits of Appellant's claim, he must plead and prove one of the following exceptions:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the defendant and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §9545(b)(1)(i) – (iii). It is the petitioner's burden to prove the applicability of an exception. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999); *Commonwealth v. Greer*, 936 A.2d 1075, 1077 (Pa. Super. Ct. 2007). Additionally, any petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant fails to plead and prove any of the exceptions to the timeliness requirement permitted under section 9542(b), which he is required to do to invoke an exception. *See Commonwealth v. Beasley*, 741 A.2d 1358 (Pa. 1999); *Commonwealth v. Gandy*, 38 A.3d 899 (Pa.

9

Super. Ct. 2012); *Commonwealth v. Williamson*, 21 A.3d 236 (Pa. Super. Ct. 2011); *Commonwealth v. Burton*, 936 A.2d 521 (Pa. Super. Ct. 2007). Rather, Appellant engages in a lengthy discussion of the purported merits of his claims, which do not implicate a statutory exception. Appellant does not—and cannot—allege any interference from government officials. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). Moreover, Appellant fails to demonstrate that his Petition relies upon facts that were previously unknown to him, and could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Although Appellant discusses *Miller* and *Montgomery* in his objections to our 907 Notice, these cases do not qualify as "facts" for the purpose of section 9545(b)(1)(ii). *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. Ct. 2013) (holding judicial decisions cannot be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)); *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011) (holding, a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA; "section 9545(b)(1)(ii) applies only if the petition has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. Ct. 2012) (same).

Although not expressly stated, our review of the record reflects Appellant has attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," with reliance on the United States Supreme Court decisions in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Specifically, Appellant engages in a lengthy discussion of *Miller v. Alabama*, 132 S. Ct. 2455

10

(2012), and argues his sentence constitutes "cruel and unusual punishment and a denial of equal protection" and "that the protections offered to those under 18 in [*Miller*] should be extended to him since he was a mere 18 years and 55 days old when his crime was committed." *See* Appellant's Memorandum of Law in Support of Objections to 907 Notice of Intent to Dismiss, filed August 16, 2016.

First, it should be noted Appellant correctly states the Court in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), held that because *Miller* announced a new substantive rule of constitutional law, it should be given retroactive effect to cases on collateral review. In *Miller*, the Court held that mandatory life imprisonment without the possibility of parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment. 132 S. Ct. at 2463. The holding in *Miller*, however, was limited to those offenders who were under eighteen at the time they committed their crimes, and no court to date has held *Miller* applies to individuals over eighteen years of age, or that a sentence of life imprisonment without the possibility of parole for those over the age of eighteen is unconstitutional. In *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. Ct. 2013), the Superior Court held *Miller* is not an exception under section 9545(b)(1)(iii) to those over the age of eighteen at the time they committed their crimes. Here, because Appellant was over eighteen at the time he committed the underlying crimes in this matter, *Miller* is inapplicable and he is not entitled to relief on this basis. Similarly, *Montgomery* is inapplicable to Appellant's case, as it was limited solely to application of the *Miller* decision.

Appellant next contends *Montgomery*'s holding indicates *Alleyne v. United States*, 133 S. Ct. 2151 (2013), must be given retroactive effect.[7] First, the court in *Montgomery* did not address

---

[7] Although Appellant raised this argument in his PCRA petition, it appears he abandoned this claim in his objections to our 907 notice.

11

*Alleyne*, and therefore this claim is wholly meritless. Additionally, neither *Alleyne* nor any case interpreting *Alleyne* has held it is retroactive to cases on collateral review. *See Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. Ct. 2015) (declining to construe the decision in *Alleyne* applies retroactively to cases during PCRA review). Accordingly, Appellant does not meet the section 9545(b)(1)(iii) exception under this theory either.

"If the petition is determined to be untimely, and no exception has been pled or proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Gandy*, 38 A.3d 899, 903 (Pa. Super. Ct. 2012) (citing *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. Ct. 2008)); *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. Ct. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). We determined Appellant did not plead and prove an exception to the timeliness requirement of the PCRA, and as such, we did not have jurisdiction to consider the merits of his Petition.

## IV. CONCLUSION

For the foregoing reasons, we perceive the issues which Appellant has complained in this Appeal are without merit. Accordingly, this Court's September 14, 2016, Order denying Post Conviction Relief was supported by both the law and record in this case.

BY THE COURT:

DATE: __11/30/2016__

RAYMOND F. MCHUGH, J.

12